## STARCHER v. INCORPORATED TOWN OF GREGORY.

Rev. Pol. Code, § 1574, provides that an appeal may be taken from the action of corporate authorities in the same manner as appeals from the board of county commissioners under sections 850-854. Sec. 850 provides that from decisions of the board of county commissioners there shall be allowed an appeal to the circuit court on filing a bond executed to the county. Section 851 provides that said appeal may be taken by serving a written notice upon one of the board of county commissioners. Section 852 provides for filing such appeal, and section 854 provides that the court may make final judgment and cause the same to be executed. **Held,** that a notice of appeal from the action of the authorities of an incorporated town in rejecting a claim, served on only one of such authorities, and an undertaking executed to the county instead of to the authorities of the incorparated town, are sufficient.

(Opinion filed, May 19, 1909.)

Appeal from Circuit Court, Gregory County. Hon. E. G. SMITH, Judge.

Action by Edwin M. Starcher against the Incorporated Town of Gregory. Judgment for plaintiff, and defendant appeals. Affirmed.

*Windsor Doherty* and *W. J. Hooper,* for appellant. *French &*
*Orvis,* for respondent.

McCOY, J. This is an appeal from a judgment in favor of
plaintiff and from an order denying a new trial. The respondent,
as judge of the county court for Gregory county, made a townsite
entry for the town of Gregory, under the provisions of article 15,
c. 16, Rev. Pol. Code, and being sections 1570 to 1593 of said
Code, inclusive, and caused said townsite to be surveyed and plat-
ted and made final proof and incurred certain costs and expenses
in relation to such entry, survey and final proof. An itemized bill
of account of such costs and expenses was thereafter presented to
the corporate authorities of the said town of Gregory, as follows:
Paid for surveying, $150; paid for platting, $20; paid Reid for
services, $25; paid for livery, $5; paid for printing notices, $19;
paid for printing notices, $34.40; paid for boarding team, $5;
paid for transportation, $45; paid for board of witnesses, $48;
paid for car fare, $50; paid for attorney's fees, $10; paid for final
proof fees, $9; for attorney's fees, $100; for attorney's fees, $50;
for preparing legal notices, $100; for attorney's fees, $50; for in-
terest on account, $86.48; paid for car fare, $28.35; paid hotel bill
for witnesses, $30; paid land office fees, $8; paid for land office
fees, $8; for attorney's fees, $100; paid witness' fees, $30; for in-
terest on account, $121.34—total, $1,132.57. Upon the said bill of
account being wholly rejected by the corporate authorities of the
town of Gregory, the respondent perfected an appeal to the circuit
court of Gregory county under section 1574, Rev. Pol. Code. A
trial was had to the court, without a jury.

On the trial the following stipulation was made, and signed
by both parties, and offered in evidence: "It is admitted that Ed-
win M. Starcher paid the following items for the purpose herein-
after stated in account of the Gregory town site: For surveying,
$130; for platting town site, $20; for livery, $5 for printing
notices, $5; for boarding team, $5; for automobile hire, $29; for
automobile hire, $25; for board of witnesses, $48; for car fare,
$38.58; for land office fees, $8; for car fare, $28.35; for hotel
bills, $30; for land office fees, $8; for witness' fees, $30—total,
$401.93. It is further agreed: That Edwin M. Starcher attending

the hearing of the townsite proof for Gregory before the land office at Chamberlain, 5 days, and at another time for supplemental proof before the land office at Mitchell, 5 days; that in going to Chamberlain it was necessary for him to travel from Fairfax, Gregory county, to the town of Chamberlain, and return, and in going to Mitchell it was necessary for him to travel from Fairfax to Mitchell and return." The circuit court made findings and rendered judgment in favor of respondent for $331.90, itemized as follows: For surveying and platting, $150; for livery, $5; printing notices, $5; boarding team, $5 boarding witnesses at Chamberlain, $48; car fare for witnesses at Chamberlain, $33.06; land office fees, $9; car fare, two witnesses to Mitchell, $18; hotel bills for witness at Mitchell, $20; land office fees, $8; witness fees, $30. The court found that all the amounts included in said finding were reasonable and proper charges for the services, and expenses for which such payments were made, and the court further found that all other services and expenses charged by said Starcher and contained in his claim are not such services or expenses as are authorized by law relating to townsite entries.

It is contended by appellant, the corporate authorities of the town of Gregory, that the circuit court of Gregory county never had any jurisdiction on the said appeal for the reasons: First, that the notice of appeal was never served upon all the corporate authorities, or trustees, but only on one; second, that the undertaking on appeal was executed to Gregory county, and not to the corporate authorities of the town of Gregory. But in this we are of the opinion that appellants are in error. Section 1574, Rev. Pol. Code, provides that an appeal may be taken from the action of the corporate authorities in the same manner as appeals from the board of county commissioners, under sections 850-854, Rev. Pol. Code. Section 850 provides that, from all decisions of the board of county commissioners upon matters properly before them, there shall be allowed an appeal to the circuit court by any person aggrieved, upon filing a bond with sufficient surety to be approved by the county auditor, and said bond shall be executed to the county and may be sued in the name of the county upon breach of any condition therein. Section 851 provides that said appeal shall be taken

by serving a written notice upon one of the board of county commissioners. Section 852 provides for filing such appeal, and section 854 provides that the court may make final judgment and cause the same to be executed. While the procedure attempted to be pointed out (by this statute (section 1574) is not as definite as it might be, still we are of the opinion that respondent substantially complied therewith in taking this appeal, and that the circuit court acquired jurisdiction thereof.

It is contended by appellants that the evidence is insufficient to sustain the findings of the court as to the items of costs and expense included in said findings; but in this we are also of the opinion that the stipulation offered in evidence, together with the other testimony offered, is amply sufficient to sustain the findings of the court and the judgment appealed from.

The judgment of the circuit court is therefore affirmed.

SMITH, J., taking no part in the decision.